For the Northern District of California

1
2
3
4
5
6
7           IN THE UNITED STATES DISTRICT COURT
8      FOR THE NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION
10
11  DEREK CHABROWSKI                        No. 12-06339 RS
12              Plaintiff,                  **ORDER GRANTING MOTION TO
                                            DISMISS COMPLAINT**
13      v.
14  COURTNEY LAWSON, *et al*.,
15
16              Defendants.
    _____/
17
18
19                  I.      INTRODUCTION
20          Plaintiff Derek Chabrowski and defendant Courtney Lawson are former business partners
21  whose relationship has deteriorated.  Defendants' previous motion to dismiss was granted with
22  leave to amend, and plaintiff filed a First Amended Complaint ("FAC").  Plaintiff alleges
23  violations of his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments,
24  as well as of his civil rights under 42 U.S.C. § 1983, common law malicious prosecution, and a
25  claim against the State of California under the theory of *respondeat superior*.  Defendants move
26  to dismiss the FAC.  Plaintiff untimely filed an opposition to the motion after the date for which
27
28

it was scheduled to be heard.[1]  For the following reasons, defendants' motion to dismiss is

granted, without leave to amend.[2]

## II.      BACKGROUND

The initial complaint in this case, although not a paragon of clarity, appeared to advance

claims for violations of due process and First Amendment rights, as well as defamation,

intentional infliction of emotional distress, civil conspiracy, California's Anti-SLAPP statute

(California Civil Code Section 425.16).  Defendants moved to dismiss it on a variety of grounds,

including for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1),

arguing that diversity jurisdiction could not exist because Chabrowski had not alleged that the

amount in controversy exceeded $75,000.  *See* 28 U.S.C. § 1332.  As Chawbrowski failed to

carry his burden of pleading that the amount in controversy was sufficient to support diversity

jurisdiction, the case was dismissed for lack of subject matter jurisdiction.  He was given leave to

file an amended complaint to, if he could do so in good faith, include averments that would

support the existence of diversity jurisdiction.  The order dismissing the complaint also noted, as

Chabrowski has potentially identified claims for constitutional violations, an amended complaint

may potentially trigger federal question jurisdiction.

Chabrowski's FAC attempts to correct jurisdictional defects in the original complaint by

averring that he seeks over two million dollars in damages and by clarifying his state of

residency.  It also clarifies that he is bringing claims for relief for constitutional violations

pursuant to 42 U.S.C. § 1983, thereby triggering federal question jurisdiction under 28 U.S.C. §

1331.

## III.     LEGAL STANDARD

---

[1] In conjunction with his opposition, plaintiff filed a motion for judicial notice, stating that his opposition had been filed timely on June 21, 2013, but the Clerk's Office failed to file them in the docket.  As the opposition is now within the Court's possession, it has been considered in conjunction with this motion to dismiss.

[2] Plaintiff also moves to disqualify defense counsel for conflict of interest.  In support of this motion, plaintiff points to various allegations he has made against counsel in prior proceedings. There is no evidence, however, that any of these complaints have been resolved in plaintiff's favor.  Rather, he appears to be manufacturing conflicts without cause or foundation.  Thus no inappropriate conflict of interest is apparent, and plaintiff's motion must be denied.

For the Northern District of California

*I.   Dismissal Under Federal Rule of Civil Procedure 12(b)(1)*

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Federal question jurisdiction exists when a civil claim for relief "arising under the Constitution, laws, or treaties of the United States" appears on the face of the well-pleaded complaint.  28 U.S.C. § 1331.

*B.  Dismissal under Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When evaluating such a motion, all material allegations in the complaint must be accepted as true, even if doubtful, and construed in the light most favorable to the non-moving party. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corporations*, 66 F.3d 245, 248 (9th Cir. 1995).

## IV.   DISCUSSION

Defendants move to dismiss the complaint on a variety of grounds, including that subject matter jurisdiction over this case is absent because Chabrowski has not properly plead the requisites for finding diversity jurisdiction.  Defendants' argument that the FAC should be dismissed for lack of diversity jurisdiction is a non sequiter.  Plaintiff attempts to advance claims for violation of his civil rights under 42 U.S.C. § 1983.  It is therefore irrelevant whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because subject matter jurisdiction instead lies under 28 U.S.C. § 1331 due to the fact that Chawbowski's FAC presents a civil claim for relief arising under the Constitution of the United States.

Defendants also move to dismiss on the basis that the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  That statute pertains to "[e]very person who under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia" who deprives "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C § 1983.  The statute "was intended to '[create] a species of tort liability' in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution" by state actors.  *Carey v. Piphus*, 435 U.S. 247, 253 (1978).  While brought as two separate claims, plaintiff's alleged violations of the Constitution are subsumed by his claim under 42 U.S.C. § 1983, as that statute provides the only private remedy for any such constitutional violations.  *See Monroe v. Pape*, 365 U.S. 167, 171 (1961).  Accordingly, for either claim to survive, plaintiff must show the defendants were acting "under color of" law.

Plaintiff has alleged no facts suggesting the Lawsons acted under any State authority.  Rather, it appears the Lawsons are private citizens who have made allegedly false statements in court or filed allegedly false reports with law enforcement.  As a result, no § 1983 claim can be sustained against them.  Similarly, defendant Timothy James Walton is a private citizen, acting as legal counsel for the Lawson family, and no § 1983 can be sustained against him.  Finally, plaintiff brings this claim against defendant Clifford V. Cretan, a state judge presiding in San Mateo County.  While Cretan was acting under State authority, absolute immunity is provided to judges acting within their "judicial" capacity.  *See Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978).  Plaintiff states his claims against defendant Cretan are only for his involvement as an individual, not his official capacity, but he has alleged no facts to suggest his complaints against Cretan arise from anything other than the rulings made in various state court actions.  Thus defendant Cretan is immune from damages liability and a claim under 42 U.S.C § 1983 cannot be sustained against him.  *See id.* at 364.  Accordingly, plaintiff has failed to alleged facts sufficient to sustain his first and second claims for relief, for violations of various constitutional amendments and for individual liability under 42 U.S.C § 1983.

1    Plaintiff also brings claims against the State of California for "supervisory" liability

2    under 42 U.S.C § 1983 and for "respondeat superior liability".  For any supervisory

3    responsibility to exist, however, an individual must have acted in violation of 42 U.S.C § 1983.

4    *See Monell v. Dep't of Soc. Sec.*, 436 U.S. 658 (1978).  Plaintiff states the "State of California

5    had full knowledge, gave consent and knew of the deprivation of due process caused by

6    Defendant Cretan."  As no claim can be stated against defendant Cretan, there can be no

7    "supervisory" liability.  Accordingly, these claims must also be dismissed.

8    Plaintiff additionally brings a claim for malicious prosecution under California law.  To

9    sustain a claim for malicious prosecution, a plaintiff must establish "the prior action (1) was

10   commenced by or at the direction of the defendant and was pursued to a legal termination in his,

11   plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice."

12   *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871(1989) (internal citations omitted).

13   While plaintiff avers defendants have brought charges "against Plaintiff without probable cause

14   and in retaliation for his engaging in constitutionally protected activities" he fails to allege any

15   facts indicating that these previous actions have been resolved in his favor.  Thus, plaintiff has

16   not stated a prima facie claim for malicious prosecution.  Even had he done so, however, as

17   federal subject matter jurisdiction is lacking, the Court declines to exercise supplemental

18   jurisdiction over this state law claim.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351

19   (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the

20   balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy,

21   convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the

22   remaining state-law claims.").  Thus, plaintiff's claim for malicious prosecution must be

23   dismissed.

24                                V.    CONCLUSION

25   For the foregoing reasons, plaintiff has failed to allege facts sufficient to support a federal

26   claim for relief.  As plaintiff has previously been afforded an opportunity to amend his

27   complaint, it appears that any further opportunity to amend would be futile.  Accordingly,

28

1    defendants' motion to dismiss is granted, without leave to amend.  The Clerk is instructed to

2    close this case file.

3

4          IT IS SO ORDERED

5

6    Dated:  8/28/13

7                                                  RICHARD SEEBORG
                                                   UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28